517 P.2d 1327

DeWayne C. ANDERSON et al., Plaintiffs
and Respondents,

v.

William J. COLMAN and United Park City
Mines Company, a corporation, De-
fendants and Appellants.

Dan SCOTT, Cross-Claimant,

v.

DeWayne C. ANDERSON and Ellen R.
Anderson, his wife, Cross-Defendants.

No. 13336.

Supreme Court of Utah.

Jan. 8, 1974.

Lowell V. Summerhays and Orrin G. Hatch of Summerhays, Hatch & Landerman, Salt Lake City, for Anderson.

Tel Charlier, Salt Lake City, for Scott.

Ned Warnock of Critchlow, Watson & Warnock, Salt Lake City, for Colman.

Dwight B. Williams of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for United Park City Mines.

HENRIOD, Justice:

Appeal from a judgment for plaintiffs, that upon tender of payment to defendant, Colman, interests in property under a real estate contract executed between Colman and United Park City Mines Company, should be acquired by plaintiffs. Affirmed, with costs against Colman, to plaintiffs.

The record shows that prior to August 10, 1965, plaintiff, D. C. Anderson, spent approximately 125 hours in time, plus gas and oil, mileage and other expenses in locating certain Park City properties. He

then negotiated a contract for the purchase of the properties in the amount of $10,000 payable to United Park City Mines at the rate of $2,500 down and $750 annually for a ten-year period with interest. Anderson approached Colman to become the sole signator to the contract for purchase of the properties and to make full payments on the properties pursuant to said contract, which was to be for the benefit of Anderson, Anderson's wife and Colman. Colman executed the contract with the Mines Company on August 10, 1965.

Thereafter, D. Scott, a party plaintiff in this action, indicated his desire to purchase one half of Anderson's interest in the properties for $5,000. To effectuate this transaction with Scott, Anderson obtained an assignment from Colman and his wife for $10 consideration of "one-half of all their right, title and interests" in the properties. The assignment was dated March 25, 1966.

At the bottom of the document containing the aforementioned assignment is found the following conditional language, which was signed by Anderson, Anderson's wife and Scott:

In consideration of TEN DOLLARS (10.00) and other good and valuable consideration D. C. Anderson and Ellen R. Anderson, his wife, and Dan Scott hereby agree that in the event either D. C. Anderson and Ellen R. Anderson and or Dan Scott fail to pay their pro-rated share of the payments which accrue under the terms of the referred to contract due August 10, 1966 through August 10, 1975 then William J. Colman may make same, and that thereafter D. C. Anderson or Dan Scott shall have no further right or obligation in said contract or assignment of contract interest, but that by making the payments William J. Colman may succeed to all of D. C. Anderson's and Ellen R. Anderson's and Dan Scott's interest in the assignment and contract.

This latter paragraph was apparently inserted upon the assignment by Colman and was likewise dated March 25, 1966. There was no new consideration given for signing the latter paragraph. Although Colman stated at trial that the lower half of the document was signed before the unconditional assignment in the prior paragraph, Anderson and Scott testified it was executed afterwards. The trial court found that Scott's signature was in fact notarized one day after March 25 in Wyoming.

Over concern about the lateness of Colman's payments under the contract, Anderson and Scott purportedly made several offers to make the payments themselves to avoid default. The record shows that Colman made all payments up to the time of this litigation.

In 1970 Anderson and Colman became at odds, so Anderson tendered the amount due

to United Park City Mines and requested a deed for one half of the property. Colman advised the Mines Company to disregard the request. The trial court construed a phone conversation between Scott and Colman in which Colman allegedly assured Scott as to the currency of payments under the contract, as recognition by Colman of Scott's interest, and, hence, Anderson's interest from whom Scott took, in the property.

Colman claims Anderson defaulted under the "plain terms" of the contract when Anderson refused Scott's request to make part of the payment due in August of 1966. The record indicates that Colman evinced no intention to foreclose their interests in the property prior to Anderson's tender of full payment in 1966.

The trial court held that if Anderson should pay into court his one half share of the payments, plus interest, taxes and survey expenses on or before January 20, 1973, then Anderson and Scott would take their respective one-fourth interests in the property.

In Continental Bank and Trust Company v. Stewart,[1] this court set the standard for allowing admission of parol and extrinsic evidence in determining the meaning and intention of contracting parties, to which reference is made and which seems to be dispositive here, where it appears that the trial court did not err in finding that the assignment contract in question was sufficiently vague and ambiguous to call for admission of parol and extrinsic evidence to clarify the parties' intentions. Notably, the first paragraph of the assignment purports to assign unconditionally one half of the property in question to Anderson; but the second paragraph of that instrument, apparently executed without new consideration and at a later time, purports to condition the assignment to Anderson (and Anderson's subsequent assignment to Scott) by requiring them to pay a pro-rated share of the total purchase price under the contract with United Park City Mines Co. It fails to reveal when Anderson and Scott were to tender their pro-rated shares of the payment. The writings encompassing the parties' transactions do not tell us the answer. Moreover, the writings fail to indicate whether plaintiffs were to tender payment to Colman or directly to the vendor. In short, the presence of these ambiguities and uncertainties justify clarification by admission of extrinsic and parol evidence in order to interpolate the parties' contractual intention.

CALLISTER, C. J., ELLETT and CROCKETT, and TUCKETT, JJ., concur.

1. 4 Utah 2d 228, 291 P.2d 890 (1955).